1  Madonna A. Herman (SBN 221747)
Madonna.herman@wilsonelser.com
2  Peter C. Catalanotti (SBN 230743)
peter.catalanotti@wilsonelser.com
3  **WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
4  525 Market Street, 17th Floor
San Francisco, California 94105-2725
5  Telephone: (415) 433-0990
Facsimile: (415) 434-1370
6

7  Attorneys for Defendant
Beacon Hill Staffing Group, LLC.
8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12  DAVID FRANKLIN, an individual,          )   **Case No.: 3:22-cv-01749-EMC**
                                            )
13              Plaintiff,                  )
                                            )
14         v.                               )   **DEFENDANT BEACON HILL**
                                            )   **STAFFING GROUP, LLC'S NOTICE**
15  BEACON HILL STAFFING GROUP, LLC;        )   **OF MOTION AND MOTION TO**
    and SEQUOIA LIVING, INC.               )   **DISMISS PURSUANT TO FRCP**
16                                          )   **RULE 12(b)(2) FOR LACK OF**
              Defendant.                   )   **PERSONAL JURISDICTION**
17                                          )
                                            )   Action Filed:  February 17, 2022
18                                          )

19  _____

20      TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that on June 2, 2022, at 9:30 am, or as soon thereafter as the

22  matter may be heard in the above-entitled court, located at the San Francisco Courthouse,

23  Courtroom B – 15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Beacon

24  Hill Staffing Group, LLC ,will move the Court to dismiss the action pursuant to FRCP 12(b)(2)

25  because the United States District Court for the Northern District of California lacks Personal

26  Jurisdiction over Defendant Beacon Hill ("Motion").

27      The Motion will be based on this Notice of Motion and Motion, the Memorandum of

28
                                    1

1    Points and Authorities and Declaration of Defendant Beacon Hill Staffing Group, LLC filed

2    herewith, and the pleadings and papers filed herein.

3

4    Dated: April 15, 2022                          WILSON, ELSER, MOSKOWITZ,
                                                         EDELMAN & DICKER LLP
5
                                                   By:     /s/ Madonna A. Herman
6                                                        Madonna A. Herman
                                                        Peter C. Catalanotti
7                                                        Attorneys for Defendant,
                                                        Beacon Hill Staffing Group, LLC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

    1.     Introduction................................................................................................................ 1

    2.     Procedural History .................................................................................................... 1

    3.     Parties........................................................................................................................ 2

    4.     Statement of the Law ................................................................................................ 2

           a.     The Court Cannot Exercise General Jurisdiction Over Beacon Hill .......... 3

           b.     The Court Cannot Exercise Specific Jurisdiction Over Beacon Hill.......... 6

    5.     Conclusion .............................................................................................................. 12

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aanestad v. Beech Aircraft Corp.*
(9th Cir. 1974) 521 F.2d 1298 ........................................................................................ 3

*Asahi Metal Indus. v. Superior Court of Cal.*,
480 U.S. 102 (1987) ........................................................................................................ 6

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) .......................................................................................... 3

*Bancroft & Masters, Inc. v. Augusta National Inc.*,
223 F.3d 1082 (9th Cir. 2000) ................................................................................. 4, 7, 8

*Burger King Corp.*,
471 U.S. at 476 ................................................................................................................ 9

*Calder v. Jones*,
465 U.S. 783 (1984) ........................................................................................................ 7

*Caruth v. International Psychoanalytical Ass'n*,
59 F.3d 126 (9th Cir. 1995) ..................................................................................... 10, 11

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F. 3d 1482 (9th Cir. 1993) ........................................................................................ 9

*Cornelison v. Chaney*,
16 Cal.3d 143 (1976.) ..................................................................................................... 8

*Data Disc, Inc. v. Systems Technology Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ....................................................................................... 4

*David Franklin, an individual v. Beacon Hill Staffing Group, LLC; Sequoia Living, Inc.;
and Does 1 through 50, inclusive,*
in the San Francisco County Superior Court, Case No. CGC-22-598233 .............................. 1

*Fields v. Sedgwick Assoc. Risks, Ltd.*,
796 F.2d 299 (9th Cir. 1986) ......................................................................................... 3

*Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.*
(9th Cir. 1996) 103 F.3d 888 ......................................................................................... 3

*Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002) ....................................................................................... 6

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003) ....................................................................................... 3

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
   466 U.S. 408 (1984)................................................................................. 3, 4, 5, 6

*Hirsch v. Blue Cross, Blue Shield*,
   800 F.2d 1474 (9th Cir. 1986) ................................................................... 4

*Insurance Company of North America v. Marina Salina Cruz*,
   649 F.2d 1266 (9th Cir. 1981) ................................................................... 9

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945)................................................................................. 3, 4

*King v. American Family Mutual Ins. Co.*,
   632 F.3d 570 (9th Cir. 2011) ..................................................................... 4

*Kipperman v. McCone*,
   422 F. Supp. 860 (N.D. Cal. 1976) ............................................................ 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ................................................................... 4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*
   (C.D. Cal. 2003) 243 F.Supp.2d 1073 ...................................................... 3

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) ................................................................... 7

*Pebble Beach Co. v. Caddy*
   (9th Cir. 2006) 453 F.3d 1151 ................................................................... 3

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952)................................................................................. 4, 5

*Peterson v. Highland Music, Inc.*,
   140 F.3d 1313 n. 2 (9th Cir. 1998) ............................................................ 3

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) ................................................................. 10, 11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................... 2, 4

*Terracom v. Valley Nat'l Bank*,
   49 F.3d 555 (9th Cir. 1995) ..................................................................... 10

*Tuazon v. R.J. Reynolds Tobacco Co.*,
   433 F.3d 1163 (9th Cir. 2006) ................................................................... 4

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ................................................................... 6

iii

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ................................................................................. 3, 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) ...................................................................... 6

**Other Authorities**

28 U.S.C. § 1332(c)(1) ..................................................................................... 2

28 U.S.C. § 1441(b) ......................................................................................... 1

Cal. Code Civ. Proc. § 410.10 ......................................................................... 3

Labor Code § 1102.5 .................................................................................... 1, 7

Labor Code § 98.6 ........................................................................................ 1, 7

**Rules**

Rule 12(b)(2) of the Federal Rules of Civil Procedure ............................... 2, 11

iv

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   Introduction

Defendant Beacon Hill Staffing Group, LLC ("Beacon Hill") respectfully submits that this Court lacks jurisdiction over it. Plaintiff David Franklin ("Plaintiff") is a resident of Texas, performed all work at issue in the instant action in Texas, and collected his paycheck in Texas. Beacon Hill's Texas office recruited, hired and placed Plaintiff in a temporary position, working remotely from his home in Texas. Beacon Hill is a limited liability company with its principal place of business in Massachusetts, and Plaintiff was paid from its Massachusetts office.

Beacon Hill's conduct and lack of connection with California make it unforeseeable for it to have to litigate this matter in California. As shown below, this Court lacks both general and specific jurisdiction over Beacon Hill, as its activities in California are not substantial, continuous or systematic with regard to Plaintiff and his claims, and the basis of Plaintiff's claims occurred outside of California.

### 2.   Procedural History

On February 17, 2022, Plaintiff filed a 15-page Complaint entitled *David Franklin, an individual v. Beacon Hill Staffing Group, LLC; Sequoia Living, Inc.; and Does 1 through 50, inclusive*, in the San Francisco County Superior Court, Case No. CGC-22-598233.  (See Case: 3:22-cv-01749, Filed 3/18/2022, Ct. Doc. #1-2, Exhibit 1, "Complaint").   The Complaint alleges the following causes of action against Beacon Hill: (1) Failure to Prevent Discrimination, Retaliation, and/or Harassment in Violation of FEHA; (2) Retaliation in Violation of Labor Code § 98.6; (3) Retaliation in Violation of Labor Code § 1102.5 et seq.; (4) Wrongful Termination in Violation of Public Policy; (5) Hostile Work Environment Harassment; (6) Failure to Pay All Wages/Overtime Wages; (7) Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records; (8) Failure to Pay All Wages at Time of Separation of Employment; (9) Intentional Infliction of Emotional Distress; and (10) Negligent Infliction of Emotional Distress. (Id.).

On March 18, 2022, Beacon Hill filed a Notice of Removal of Entire Action pursuant to 28 U.S.C. Section 1441(b), seeking to remove the state action to the United States District Court

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

for the Northern District of California ("USDC-NDCA"), under diversity jurisdiction. (28 U.S.C. § 1332(c)(1)).  (See Case: 3:22-cv-01749, Ct. Doc. #1-2, Filed 3/18/2022, "Notice of Removal").

**3.     Parties**

Plaintiff David Franklin ("Plaintiff") is a resident of the State of Texas. (Complaint, ¶ 1). Beacon Hill's Dallas, Texas office recruited Plaintiff, hired him as an employee, and placed him at its customer, Defendant Sequoia Living, Inc. ("Sequoia"), to work remotely from his home in Texas.  (See Declaration of Beacon Hill in Support of Beacon Hill's Rule 12(b)(2) Motion to Dismiss ("Beacon Hill Declaration"), ¶ 3).  Beacon Hill's Texas office set Plaintiff's rate of pay and managed Plaintiff's assignment with Sequoia. (Id.) Upon information and belief, Plaintiff performed all job duties and responsibilities on this assignment remotely from the State of Texas, and Plaintiff did not perform any work from the State of California. (Id.)

Beacon Hill is a staffing company that recruits talent to be placed in a variety of temporary and permanent positions at customers' businesses. (Id., ¶ 3). Beacon Hill was at all times relevant hereto and continues to be a Massachusetts limited liability company with its primary place of business located at 152 Bowdoin Street, Boston, MA 02108.  (Id., ¶ 2). None of Beacon Hill's members are domiciled or reside in California. (Id.) Beacon Hill is not nor has it ever been a citizen of the State of California.  (Id.)

When this action was filed, Defendant Sequoia was a California corporation with its principal place of business located at 1525 Post Street, San Francisco, CA 94109. (See Case: 3:22-cv-01749, Ct. Doc. #1-2, Filed 3/18/2022, Exhibit 4, "Sequoia Statement").  Sequoia is and was a California citizen for diversity purposes when the action was filed.

**4.     Statement of the Law**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that jurisdiction exists. (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). The plaintiff "need only demonstrate facts that, if true, would support jurisdiction over the

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

defendant." (*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." (*Pebble Beach Co. v. Caddy* (9th Cir. 2006) 453 F.3d 1151, 1154-55 (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.* (9th Cir. 1996) 103 F.3d 888, 893); see also *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* (C.D. Cal. 2003) 243 F.Supp.2d 1073, 1082 (*citing Aanestad v. Beech Aircraft Corp.* (9th Cir. 1974) 521 F.2d 1298, 1300. California courts may exercise jurisdiction on any basis not inconsistent with the Constitution. (Cal. Code Civ. Proc. § 410.10). However, the exercise of jurisdiction must be consistent with due process. (*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) ("*Harris-Rutsky*"); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 n. 2 (9th Cir. 1998)).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state.  The prevailing constitutional principle is that the maintenance of an action in the forum must not offend the "traditional conception[s] of fair play and substantial justice." (*International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).  In addition, the defendant's "conduct and connection with the Forum State," must be such that it is foreseeable for it to be "haled into court there." (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  There are two recognized bases for exercising personal jurisdiction over a nonresident defendant: (1) "general jurisdiction," where the defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," when a defendant's specific contacts with the forum give rise to the claim in question. (*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-16 (1984)).

### a.    The Court Cannot Exercise General Jurisdiction Over Beacon Hill.

A court can exercise general jurisdiction over a defendant only if the defendant's contacts with the forum are "substantial" or "continuous and systematic." (*International Shoe Co.*, 326 U.S.

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

at 316; see also *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977); *Schwarzenegger*, 374 F.3d at 801 (plaintiff must show that defendant engaged in "'continuous and systematic general business contacts' that 'approximate physical presence'" in the forum state," quoting *Helicopteros*, 466 U.S. at 416; *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("*Bancroft & Masters".*)).  This standard is "met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" (*King v. American Family Mutual Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *International Shoe Co.*, 326 U.S. at 318)).  Thus, when properly invoked, general jurisdiction allows a federal court to hear any cause of action, even one unrelated to the defendant's activities in the state. (See *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, (1952)).

To determine whether the defendant's activities in the forum are "continuous and systematic" or "substantial," the court examines its activities impacting the state. (See *Helicopteros*, 466 U.S. at 411; *World-Wide Volkswagen Corp.*, 444 U.S. at 295 (1980); *Perkins*, 342 U.S. at 445-49.  The Court can aggregately consider the following "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." (*Bancroft & Masters*, 223 F.3d at 1086 (citing *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986)); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011)). In determining whether an out-of-state defendant's contacts are sufficiently substantial, continuous, and systematic, the courts will consider their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." (*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

Here, Beacon Hill's contacts with California fall far short of "continuous and systematic," and are insufficiently substantial or continuous for the Court to have general jurisdiction over it. Beacon Hill was at all times relevant hereto and continues to be a Massachusetts limited liability

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION
270182564v.2
270182564v.2

company with its primary place of business located at 152 Bowdoin Street, Boston, MA 02108. None of Beacon Hill's members are domiciled or reside in California. (Beacon Hill Declaration, ¶ 2, Exhibit A). It is a staffing company; it does not conduct sales in California, nor is it incorporated there, and other than a handful of offices, has no meaningful physical presence in California. Furthermore, Beacon Hill's California offices and employees working at those offices had nothing to do with the placement of Plaintiff at Beacon Hill's customer, Sequoia or the management of Plaintiff's assignment, . (Id., ¶ 5). In addition, Beacon Hill's California offices and employees had no contact with Plaintiff, and, like Plaintiff, are paid from Beacon Hill's Massachusetts office. (Id.)

In *Helicopteros Nacionales de Colombia, S. A. v. Hall,* the court determined defendant's contacts with Texas were insufficient to satisfy due process requirements to establish general jurisdiction in Texas; contacts which included the negotiation of a contract in Texas, the purchase of 80 percent of its helicopters, spare parts, and accessories from a Texas manufacturer over a four-year period, payments from a Texas bank and training of its personnel in Texas. (*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 418 (1984)). Like the defendant in *Helicopteros*, Beacon Hill's contacts with California are insufficient to satisfy due process requirements to establish general jurisdiction in California. Compare with *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 447 (1951), where the court upheld Ohio's exercise of general jurisdiction over the corporation where the corporation's president worked out of an office in Ohio from which he drew and distributed payroll checks, performed the corporation's filing, and correspondence, and held regular directors' meetings, and where the corporation held two Ohio bank accounts. Unlike the Ohio corporation, Plaintiff will be unable to show that Beacon Hill's executives perform work in California, as its business functions are carried out from its primary place of business in Boston, Massachusetts, and its members are domiciled in Massachusetts and Florida. (Beacon Hill Declaration, ¶ 2, Exhibit A).

Thus, Beacon Hill's activities in California are insufficient to establish general jurisdiction.

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

1

2        **b.      The Court Cannot Exercise Specific Jurisdiction Over Beacon Hill.**

3        Plaintiff alleges that he was not paid all regular and overtime wages for the hours worked.

4   (Complaint, ¶¶ 6-11).  Plaintiff's causes of action against Beacon Hill do not have any substantial

5   connection to Beacon Hill's limited presence in the State of California. As such, California cannot

6   reasonably exercise specific jurisdiction over Beacon Hill. .

7        Specific jurisdiction arises when a defendant's specific contacts with the forum state give

8   rise to the claim in question. (*Helicopteros*, 466 U.S. 414-16).  "A court exercises specific

9   jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's

10  conduct with the forum." (*Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*, 284 F.3d

11  1114, 1123 (9th Cir. 2002)).  In determining whether there is specific jurisdiction over a defendant,

12  the Ninth Circuit requires all three of the following tests to be met:

13              (1) the non-resident defendant must purposefully direct his activities
                or consummate some transaction with the forum or resident thereof;
14              or perform some act by which he purposefully avails himself of the
                privilege of conducting activities in the forum, thereby invoking the
15              benefits and protections of its laws;
                (2) the claim must be one which arises out of or relates to the
16              defendant's forum-related activities; and
                (3) the exercise of jurisdiction must comport with fair play and
17              substantial justice, i.e., it must be reasonable.

18  (*Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017)).

19        The first prong may be satisfied by "purposeful availment of the privilege of doing business

20  in the forum; by purposeful direction of activities at the forum; or by some combination thereof."

21  (*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.

22  2006)).  Courts look at whether a defendant "purposefully directs his activities at the forum state,

23  applying an 'effects' test that focuses on the forum in which the defendant's actions were felt,

24  whether or not the actions themselves occurred within the forum." (*Id.*)  The connection between

25  the defendant and the forum state must come about "by an action of the Defendant purposefully

26  directed toward the Forum State." (*Asahi Metal Indus. v. Superior Court of Cal.*, 480 U.S. 102,

27  112 (1987)).

28

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

1    To meet the 'effects' test, the defendant must have (1) committed an intentional act, which

2 was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and

3 which the defendant knows is likely to be suffered in the forum state. (See *Panavision Int'l, L.P.*

4 *v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) ("*Panavision Int'l*")).  In applying the 'effects'

5 test, the Supreme Court looks at "express aiming" at the forum state, which is satisfied "when the

6 defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the

7 defendant knows to be a resident of the forum state." (*Bancroft & Masters,*, 223 F.3d at 1087,

8 referencing *Calder v. Jones*, 465 U.S. 783, (1984) ("*Calder*").)  The Ninth Circuit Court concluded

9 that "'express aiming' encompasses wrongful conduct individually targeting a known forum

10 resident.'" (*Id.*)

11    Here, Plaintiff cannot show that Beacon Hill committed an intentional act expressly aimed

12 at California that caused Plaintiff harm *in* California. Plaintiff is a non-California resident alleging

13 that Beacon Hill, another non-California resident, engaged in wrongful conduct. The Complaint

14 does not contain any allegations that Beacon Hill engaged in any act, intentional or not, which was

15 aimed at California. Plaintiff admits that he is a resident of Texas (Complaint, ¶ 1), and does not

16 allege that any act of Beacon Hill caused him harm in California, including alleged violations of

17 California labor laws.  However, the alleged conduct -- (1) failure to account for overtime; (2)

18 failure to pay overtime; (3) failure to reimburse Plaintiff for the use of his personal cell phone;  (4)

19 failure to prevent discrimination, retaliation and/or harassment from occurring ; (5) violation of

20 Labor Code § 98.6; (6) retaliation in violation of Labor Code § 1102.5; (7) wrongful termination

21 in violation of public policy; (8) harassment, retaliation and adverse employment actions ; (9)

22 failure to provide and maintain accurate wage statements and pay records ;(10) failure to pay all

23 wages owed; and (11) infliction of emotional distress— was not aimed at a California resident,

24 thus, it cannot be shown that Beacon Hill engaged in any "express aiming" to satisfy the 'effects'

25 test. (Complaint, ¶¶ 8, 9, 18-23, 26-30, 33-36, 39-42, 45-48, 51-54, 57-63, 66-67, 70-79).

26    Further, Beacon Hill's Dallas, Texas office recruited Plaintiff, hired him as an employee,

27 and placed him at its customer, Sequoia, to work remotely from his home in Texas.  (Beacon Hill

28

7

270182564v.2
270182564v.2

Declaration, ¶ 3). Beacon Hill's Texas office set his rate of pay and managed Plaintiff's assignment with Sequoia. (Id.) Upon information and belief, Plaintiff performed all job duties and responsibilities on this assignment remotely from the State of Texas, and Plaintiff did not perform any work from the State of California.  (Id.) Moreover, Plaintiff's wage statements and W-2 forms were sent to Plaintiff in Texas from Beacon Hill's Massachusetts office, not to or from California. (Id., ¶ 4, Exhibit B). Plaintiff worked in Texas and was paid for his work in Texas; any alleged wrongdoing with regard to his work or the payment for such work occurred outside of California. Moreover, any alleged harm was neither aimed at California nor was it suffered by a California resident; Plaintiff was not physically in California when the facts Plaintiff alleges against Beacon Hill in support of his causes of action arose and Plaintiff conferred no economic benefit to the state.  Thus, the application of the 'effects' test fails to show purposeful availment.  Plaintiff is therefore unable to show that any of Beacon Hill's actions were directed toward California.

The second prong for specific jurisdiction requires a showing that the contact gave rise to the current suit,

> [T]he cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend.

(*Kipperman v. McCone*, 422 F. Supp. 860, 872 (N.D. Cal. 1976) ("*Kipperman*") quoting *Cornelison v. Chaney*, 16 Cal.3d 143, 147 (1976.)  The Ninth Circuit Court requires 'but for' causation. (*Bancroft & Masters, Inc.*, 223 F.3d at 1088).  Plaintiff has not alleged any contact with the State of California. Plaintiff has not alleged that his causes of action arose out of an act performed in California. Plaintiff cannot show that any action taken by Beacon Hill gave rise to the instant action.  In fact, the only specific action Plaintiff includes in his Complaint is contained in Paragraph 8. Plaintiff alleges that Charlie Shoemaker, the Chief Financial Officer for Sequoia, not Beacon Hill, asked him to manipulate his hours so that they would not count as overtime.

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

(Complaint, ¶ 8).  Plaintiff makes no specific allegations against Beacon Hill. Notably, Plaintiff makes a majority of his allegations against "Defendants," and defines "Defendants" as both Beacon Hill and Sequoia.  However, Sequoia and Beacon Hill are two separate and distinct entities. (Beacon Hill Declaration, ¶ 2, Exhibit A; Sequoia Statement).   The business activities of one California entity cannot subject another, non-California entity, to specific jurisdiction simply by lumping them together as a defined term in a complaint.

On its face, the Complaint fails to allege that any action forming the basis of an alleged violation of California labor law were not taken by Beacon Hill, and Plaintiff has not alleged that his causes of action arose out of an act performed in California.  Accordingly, the alleged contact that gave rise to this lawsuit cannot establish specific jurisdiction over Beacon Hill.

Finally, the court must consider whether the exercise of jurisdiction is reasonable.  For jurisdiction to be reasonable, it must comport with fair play and substantial justice. (*Burger King Corp.*, 471 U.S. at 476.) The court in *Burger King* articulated the following factors to determine "reasonableness":

> (1) the extent of the defendant's purposeful interjection into the forum state,
> (2) the burden on the defendant in defending in the forum,
> (3) the extent of the conflict with the sovereignty of the defendant's state,
> (4) the forum state's interest in adjudicating the dispute,
> (5) the most efficient judicial resolution of the controversy,
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and
> (7) the existence of an alternative forum.

(*Id.*)

These factors are balanced by the courts; none are dispositive.  (*Core-Vent Corp. v. Nobel Indus. AB*, 11 F. 3d 1482, 1484 (9th Cir. 1993)). As shown below, a majority of these factors weigh in favor of Beacon Hill.

As for the first factor, the courts have found that "[e]ven if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993) ("*Core-Vent*"), citing

9

1    *Insurance Company of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir.

2    1981).)  Here, it cannot be shown that Beacon Hill purposefully interjected itself into California's

3    affairs. See above.  Beacon Hill was and continues to be a Massachusetts limited liability company

4    with its primary place of business outside of California. Beacon Hill's California offices and

5    employees working at those offices had nothing to do with the placement of Plaintiff with Sequoia

6    or the management of Plaintiff's assignment. (Beacon Hill Declaration, ¶ 5).  In addition, Beacon

7    Hill's California offices had no contact with Plaintiff. (Id.) There is no "purposeful interjection

8    into the forum state" as required.

9            A defendant's burden in litigating in the forum is unreasonable if the "inconvenience is so

10   great as to constitute a deprivation of due process, it will not overcome clear justifications for the

11   exercise of jurisdiction." (*Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128-29

12   (9th Cir. 1995) ("*Caruth*"), citing *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).)

13   This factor also militates against the exercise of personal jurisdiction over Beacon Hill in

14   California.   The burden on Beacon Hill, whose primary place of business and place of

15   incorporation is not in California, with agents and members domiciled outside California, to

16   litigate in California is significant.  (Beacon Hill Declaration, ¶ 2). More importantly, Beacon

17   Hill's Dallas, Texas office placed Plaintiff as a fully remote temporary employee. (Id., ¶ 3).

18   Plaintiff performed all job duties and responsibilities on the placement remotely from the State of

19   Texas, where he resides Plaintiff's employment and payroll records are not in California;

20   Plaintiff's wage statements and W-2s were sent to Plaintiff in Texas from Beacon Hill's

21   Massachusetts offices.  (Id., ¶¶ 3, 4). Therefore, it would be a deprivation of due process to force

22   Beacon Hill to defend itself in California.

23           In determining the fourth factor, whether California has a strong interest in adjudicating

24   the suit, the Court must consider whether the forum has a "strong interest in providing an effective

25   means of redress for its residents [who have been] tortuously injured." (*Caruth*, 59 F.3d at129

26   (internal quotations omitted).)  Neither the alleged victim nor the alleged tortfeasor are residents

27   of California. Therefore California should not have any interest in adjudicating Plaintiff's dispute

28

10

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

with Beacon Hill. In *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995), the court found that the California did not have a strong interest in adjudicating the suit, since the plaintiff was a non-California resident and did not operate exclusively in California. Here, Plaintiff is not a California resident and has not pled that he operated at all in California. In fact, all the work he performed was performed in the State of Texas, not California.

The fifth factor, the efficiency of the forum, concerns the location of witnesses and evidence.  (*Caruth*, 59 F.3d at 129.)  This factor favors adjudicating outside of California. The witnesses and evidence are physically located in Texas, not California. Plaintiff resides, actually performed the work at issue in this action and received payment for such work in Texas. (Beacon Hill Declaration, ¶ 3). Beacon Hill's Dallas, Texas office recruited and employed Plaintiff and its Massachusetts office issued his paychecks and W-2. (Id., ¶ 3, 4). Thus, it does not make any sense to adjudicate this matter in California

The sixth factor, regarding the importance of California to Plaintiff in convenience and effective relief, also favors Beacon Hill. Most cases interpreting this factor involve plaintiffs who reside in the forum state, since "no doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference." *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) Here, however, Plaintiff is not a resident of California.

Finally, the existence of an alternate forum, favors Beacon Hill. As shown throughout this motion, Texas could serve as an appropriate alternate forum.

The balance of the seven factors shows that California cannot reasonably exercise specific jurisdiction over Beacon Hill.

Plaintiff cannot show that California has specific jurisdiction over Beacon Hill – Beacon Hill has not committed an intentional act expressly aimed at California that caused Plaintiff harm in California, Beacon Hill's minimal contact with California did not give rise to the current suit, and California's exercise of jurisdiction over Beacon Hill would violate the "traditional notions of fair play and substantial justice."

11

270182564v.2
270182564v.2

1

2

3

4    **5.      Conclusion**

5          For the foregoing reasons, Beacon Hill respectfully requests this Court grant its Rule 12(b)(2)

6    Motion to Dismiss for lack of personal jurisdiction.

7

8    Dated: April 15, 2022                        WILSON, ELSER, MOSKOWITZ,
                                                     EDELMAN & DICKER LLP
9

10                                           By:   _*/s/ Madonna A. Herman*_____
11                                                 Madonna A. Herman
                                                   Peter C. Catalanotti
12                                                 Attorneys for Defendant,
                                                   Beacon Hill Staffing Group, LLC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BEACON HILL STAFFING GROUP, LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS PURSUANT TO FRCP RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

270182564v.2
270182564v.2

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 525 Market Street, 17th Floor, San Francisco, California 94105.  My business Facsimile number is (415) 434-1370.  On this date, I served the following document(s):

**DEFENDANT BEACON HILL STAFFING GROUP, LLC'S RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

on the person or persons listed below, through their respective attorneys of record in this action, by the following means of service:

☐:    By United States Mail.  I placed the envelope(s) for collection and mailing, following our ordinary business practices.   I am readily familiar with this business's practice for collecting and processing correspondence for mailing.   On the same day, that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☒:    **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on April 15, 2022, in San Francisco, California.


Michael Folger

13
BEACON HILL STAFFING GROUP, LLC'S ANSWER TO THE COMPLAINT

270182564v.2
270182564v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

| | |
|---|---|
| Daniel Feder<br>**LAW OFFICES OF DANIEL FEDER**<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>Telephone: (415) 391-9476<br>Facsimile: (415) 391-9432<br>daniel@dfederlaw.com | *Counsel for Plaintiff* |

BEACON HILL STAFFING GROUP, LLC'S ANSWER TO THE COMPLAINT

270182564v.2
270182564v.2